**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| RICARDO JOSE CALDERÓN LÓPEZ,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 25-1073<br>Filed: September 14, 2026 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ricardo Jose Calderón López, proceeding pro se, seeks to set aside the Court's denial of his Motion for Reconsideration, which in turn sought relief from the Court's denial of Plaintiff's Application to Proceed In Forma Pauperis ("IFP Application"). The Court liberally construes the instant motion as requesting relief pursuant to Rule 60(b) of the Rules of the United States Court of Federal Claims ("RCFC"). In the motion, Plaintiff argues that the Court abused its discretion in denying his request for IFP status and that such denial was also tainted by fraud. For the reasons explained below, the Court **DENIES** Plaintiff's Motion.

## I. BACKGROUND

On June 25, 2025, Plaintiff filed his Complaint alleging that federal district court officials and employees in California violated his civil rights, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, by blocking his "access [to] the local district court" for a separate legal matter. *See* Pl.'s Compl. at 2, ECF No. 1. Plaintiff concurrently filed his IFP Application, representing that he had no income and was reliant on food stamp benefits. *See* ECF No. 2 at 1–2. The Court denied his request for IFP status because it found that, over the last two decades, Plaintiff had "filed

dozens of lawsuits in federal district courts across the country," with many "be[ing] dismissed for frivolousness, failure to prosecute, lack of jurisdiction, or failure to state a claim." Order at 2, ECF No. 5. The Court further found that Plaintiff's Complaint "suffer[ed] from similar deficiencies." *Id.* at 3. Additionally, the Court questioned whether Plaintiff's IFP Application accurately reflected his finances. *Id.* The Court ordered Plaintiff to pay the $405 filing fee within 30 days and warned Plaintiff that if he did not comply with the order his Complaint would be dismissed for failure to prosecute under RCFC 41. *Id.* at 4.

On August 11, 2025, Plaintiff submitted a filing entitled "Motion Responding to Court Order (ECF No. 9.) Objecting to its Parallel Order(s) (ECF No. 5, 8.) Impending-Citizen(s) 8 U.S.C. § 1402 Access to Federal Court, Petitioning Partial Judgement as a Matter of Law."[1] ECF No. 14 at 1. The Court liberally construed this submission as a Motion for Reconsideration. *See* Order at 1, ECF No. 16. In that motion, Plaintiff argued that the Court "abused [its] discretion when denying" his IFP Application and suggested "a scheme of fraud" in connection with such denial. ECF No. 14 at 3. The Court denied Plaintiff's reconsideration request because Plaintiff did not (a) provide evidence to support his claims of fraud, (b) provide any reason for the Court to reconsider its determination that his Complaint suffered from deficiencies similar to his past filings as a "vexatious litigator[]," or (c) correct the deficiencies in his IFP Application. ECF No. 16 at 2. The Court again warned Plaintiff that if he did not pay the $405 filing fee by September 11, 2025, it would dismiss his Complaint for failure to prosecute. *Id.*

On September 19, 2025, the Court dismissed Plaintiff's Complaint because, despite having "ample opportunity" to comply with the Court's orders by paying the filing fee and "clear warnings

---

[1] Though the title of Plaintiff's submission indicated that he was responding to ECF Nos. 5, 8, and 9, the arguments in the motion revealed that Plaintiff was challenging only the Court's order denying his IFP Application (ECF No. 5).

that noncompliance would lead to dismissal," he had still "failed to comply with this Court's unambiguous rules and orders." Order at 2–3, ECF No. 19. Judgment was entered the same day. ECF No. 20.

Plaintiff subsequently filed a Petition for Writ of Mandamus in the U.S. Court of Appeals for the Federal Circuit. In an order dated October 28, 2025, the Circuit advised that it was construing Plaintiff's submission as an appeal of the Court's denial of Plaintiff's IFP Application, *see* Order at 1–2, ECF No. 21, and it directed that "[w]ithin 40 days of the date of docketing of this matter on the court's regular docket, the parties . . . address whether th[e] appeal should be dismissed as frivolous or whether the judgment of the trial court should be summarily affirmed," *id.* at 3. On January 14, 2026, the Circuit again directed Plaintiff to respond to the Circuit's October 28, 2025 Order within 30 days and warned that if he failed to do so, the Circuit would dismiss his appeal for failure to prosecute. Order at 1–2, *Lopez v. United States*, No. 26-1102 (Fed. Cir. Jan. 14, 2026), ECF No. 7. Receiving no response to its order, the Circuit dismissed Plaintiff's appeal for failure to prosecute on February 18, 2026. *See* Order at 1, ECF No. 23. The Circuit's mandate issued on April 13, 2026. *See* ECF No. 24.

The Court then received a submission from Plaintiff on July 13, 2026, entitled "Motion to Set Aside Parallel Order (ECF No. 16.)-Abusing Discretion, denying Protected Right(s) and Privileges to Citizens," which the Court granted leave to file as a motion for relief from judgment or order under RCFC 60(b). ECF No. 26. In the motion, Plaintiff argues that the Court should set aside its denial of Plaintiff's Motion for Reconsideration because the Court abused its discretion in denying his IFP Application and that fraud prevented him from obtaining IFP status. *See id.* at 2–3 (stating that Plaintiff "compl[ied] with regulation and" it was a legal wrong that he was not granted the "benefits of [IFP] status," and further claiming his inability to obtain the fee waiver

was "caused by an ongoing internal and external fraud **FRCP,** [**R**]**ule 60(b)(3)**" (emphasis in original)).

## II. LEGAL STANDARD

RCFC 60(b) enables the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

RCFC 60(b). A motion for relief from judgment may be granted at "the discretion of the [c]ourt," but only under "extraordinary circumstances." *Wagstaff v. United States*, 118 Fed. Cl. 172, 175 (2014) (alteration in original) (quotation omitted); *see also Mendez v. United States*, 600 F. App'x 731, 733 (2015) ("Such extraordinary circumstances exist if a person can demonstrate that he was not at fault for his predicament."). The movant "must provide a sufficient 'reason to believe that vacating the judgment will not be an empty exercise or a futile gesture.'" *Dobyns v. United States*, 915 F.3d 733, 738 (Fed. Cir. 2019) (quoting *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995)). Even then, "[t]he movant . . . must do more than merely reassert[] arguments . . . previously made and carefully considered by the court." *IAP Worldwide Servs., Inc. v. United States*, 141 Fed. Cl. 788, 811 (2019) (alterations in original) (quoting *Osage Tribe of Indians of Okla. v. United States*, 97 Fed. Cl. 345, 348 (2011)); *see also Hildebrand v. Steck Mfg. Co., Inc.*, 292 F. App'x 921, 925 (Fed. Cir. 2008) ("Rule 60(b) is not designed to allow a litigant to rehash arguments which have previously been considered and rejected.").[2]

[2] While *Hildebrand* discusses Rule 60(b) of the Federal Rules of Civil Procedure instead of RCFC 60(b), the two rules are "virtual[ly] duplicat[ive]." *Info. Sys. & Networks Corp. v. United*

Pursuant to RCFC 60(c)(1), "[a] motion under RCFC 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order." Since RCFC 60(c)(1) does not define "a reasonable time," reasonableness is determined on a case-by-case basis. *Odyssey Logistics & Tech. Corp. v. Stewart*, 130 F.4th 973, 979 (Fed. Cir. 2025). Although RCFC 60(c)(1) establishes that any motion filed under RCFC 60(b)(1)–(3) more than a year after the entry of judgment or order from which relief is sought is unreasonable as a matter of law, the inverse is not true. *See Orient Overseas Container Line (UK) Ltd. v. United States*, 52 Fed. Cl. 805, 808 (2002) ("The text of RCFC 60(b) supports [the] defendant's argument that a 'reasonable' time does not always encompass one year."). Instead, RCFC 60(c)(1) establishes only an outer limit. *See id.* Courts often find that a lack of explanation for a movant's delay supports a finding that the delay was unreasonable. *See, e.g.*, *id.* (holding delay of less than a year without explanation was unreasonable). That a movant has pursued (and even lost) an appeal from the same judgment or order does not preclude a trial court's jurisdiction to hear a Rule 60(b) motion. *See Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18–19 (1976) (*per curiam*). In such an instance, however, the appellate court's decision remains the law of the case. *Constant v. United States*, 929 F.2d 654, 657 (Fed. Cir. 1991).

When examining a RCFC 60(b)(1) motion, a court "considers three factors: (1) whether the movant has a meritorious claim or defense; (2) whether the nonmovant would be prejudiced by the granting of relief; and (3) whether the matter sought to be relieved was caused by the movant's own culpable conduct." *Orient Overseas*, 52 Fed. Cl. at 807 (citing RCFC 60(b)(1)). The two RCFC 60(b) subsections that best apply to Plaintiff's Motion are: (1) RCFC 60(b)(1)—

---

*States*, 994 F.2d 792, 794 n.3 (Fed. Cir. 1993); *see also Dobyns*, 915 F.3d at 737 n.1 (indicating that the same standards apply to both rules).

mistake, inadvertence, surprise, or excusable neglect; and (2) RCFC 60(b)(3)—fraud, misrepresentation, or misconduct by an opposing party. *See* ECF No. 26 at 2 (arguing that the Court's denial of Plaintiff's reconsideration motion constituted an "abuse[] [of] discretion . . . requiring *per se* reversal"); *id.* (arguing that Plaintiff's ability to obtain IFP status was hampered by "ongoing internal and external fraud"). A "mistake" under RCFC 60(b)(1) "includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). "Even when there is a 'mistake,' Rule 60(b) provides only that a court 'may' grant relief from judgment, making the grant 'discretionary[.]'" *DiMasi v. Sec'y of Health & Hum. Servs.*, No. 2022-1854, 2023 WL 4697122, at *7 (Fed. Cir. July 24, 2023) (quoting *Sioux Tribe of Indians v. United States*, 862 F.2d 275, 279 (Fed. Cir. 1988)). Under RCFC 60(b)(3), fraud must be established through clear and convincing evidence, *see Griffin v. United States*, 96 Fed. Cl. 1, 9 (2010) (citing *Dynacs Eng'g Co. v. United States*, 48 Fed. Cl. 240, 242 (2000)), and "unsupported allegations and innuendo" of fraud "are insufficient to warrant relief," *Wagstaff*, 118 Fed. Cl. at 176 (citing *Madison Servs., Inc. v. United States*, 94 Fed. Cl. 501, 507 (2010)). The fraud must also have prevented the movant from receiving a fair hearing or trial. *See Madison Servs.*, 94 Fed. Cl. at 507 (citing *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1371, 1386 (Fed. Cir. 2007)).

## III. DISCUSSION

Plaintiff's Motion fails for two reasons. First, Plaintiff did not file his motion within a reasonable time after the Court's denial of his request for reconsideration. Second, even if timely, Plaintiff's Motion offers no basis for the Court to set aside its previous decision.

### A. Plaintiff Did Not File his RCFC 60(b) Motion within a Reasonable Time After the Court's Order Denying his Motion for Reconsideration.

Plaintiff waited an unreasonable time to seek relief under RCFC 60(b). The Court denied Plaintiff's Motion for Reconsideration on August 28, 2025. ECF No. 16. The Court received

Plaintiff's RCFC 60(b) Motion on July 13, 2026, 319 days later. ECF No. 26 at 4. While a 319-day delay does not exceed RCFC 60(c)(1)'s one-year outer limit, the delay is not inherently reasonable. *See Orient Overseas*, 52 Fed. Cl. at 808. Instead, the Court must consider the movant's explanation for the delay in light of the circumstances. *See id.*

Here, Plaintiff's Motion offers no explanation for why Plaintiff did not file his motion sooner. Indeed, there is no indication that Plaintiff was prevented from filing his RCFC 60(b) motion immediately after the Court's denial of his reconsideration motion, as the arguments made in support of that motion and the instant motion are nearly identical. *Compare* ECF No. 14 at 3 (seeking reconsideration of the Court's purported "abuse[] [of] discretion" in denying Plaintiff's IFP Application and alleging a "scheme of fraud"), *with* ECF No. 26 at 2 (seeking relief from the Court's order denying reconsideration because the Court allegedly "abuse[d] [its] discretion" and claiming "ongoing internal and external fraud" in connection with the Court's denial of IFP status). Plaintiff does not suggest, for example, that new facts came to light during the intervening months or that the bases for the instant motion were not known to him at the time of the Court's order denying reconsideration.[3] *See generally* ECF No. 26 at 1–4.

Given the 319-day delay between the order from which Plaintiff seeks relief and the filing of Plaintiff's Motion, as well as Plaintiff's lack of explanation for the delay, the Court finds that Plaintiff's Motion is untimely under RCFC 60(c)(1).

[3] Any delay due to the pendency of Plaintiff's appeal would also be unreasonable as "the pendency of an appeal does not affect the [trial] court's power to grant Rule 60 relief." *Stone v. I.N.S.*, 514 U.S. 386, 401 (1995).

### B. Plaintiff's Motion Fails on the Merits Because It Provides no Basis for this Court to Reconsider Its Previous Conclusions nor Clear and Convincing Evidence of Fraud, Misrepresentation, or Misconduct by an Opposing Party.

Even if timely filed, Plaintiff's Motion fails because it merely repeats arguments Plaintiff previously made to this Court. Like Plaintiff's Motion for Reconsideration, which argued that the Court "abused [its] discretion when denying" Plaintiff's IFP Application and claimed there was "relevant evidence . . . pointing to a scheme of fraud," ECF No. 14 at 3, Plaintiff's present motion argues that the Court "abuse[d] [its] discretion" in denying Plaintiff's reconsideration request and that "ongoing internal and external fraud" resulted in the Court's denial of IFP status.[4] ECF No. 26 at 2. Since RCFC 60(b) cannot be used to relitigate matters previously considered, the motion fails on the merits. *See IAP Worldwide Servs.*, 141 Fed. Cl. at 811; *see also Hildebrand*, 292 F. App'x at 925.

To the extent that Plaintiff is alleging under RCFC 60(b)(1) a mistake of law or legal error on the part of the Court in its previous consideration of these arguments, *see Kemp*, 596 U.S. at 533–34, Plaintiff's Motion still fails because he has not provided any explanation for why the Court should reach a different conclusion. *See generally* ECF No. 16 (denying reconsideration and holding that Plaintiff's Complaint suffered from deficiencies similar to his past filings as a vexatious litigator and that he did not correct the deficiencies in his IFP Application). Nor does Plaintiff present sufficient evidence to demonstrate under RCFC 60(b)(3) any fraud, misrepresentation, or misconduct by an opposing party. In support of this claim, Plaintiff offers only "unsupported allegations and innuendo." *Wagstaff*, 118 Fed. Cl. at 176 (citing *Madison Servs.*,

---

[4] While Plaintiff's arguments about the Court's alleged abuse of discretion are technically distinct, a close reading of both motions indicates that Plaintiff is ultimately challenging the Court's exercise of discretion in denying his IFP Application. *See* ECF No. 14 at 3–4; ECF No. 26 at 2–3.

94 Fed. Cl. at 507). Plaintiff's vague allegations of "ongoing internal and external fraud," including "a scheme . . . of social security Fraud" by "unsupervised & unknown officer(s)," ECF No. 26 at 2 (capitalization in original), fail to provide the clear and convincing evidence necessary to meet his burden. *Griffin*, 96 Fed. Cl. at 9.

Without providing any basis for demonstrating that the Court erred in denying his reconsideration motion or a showing of clear and convincing evidence of fraud, Plaintiff's Motion merely seeks to relitigate arguments already considered by the Court. It thus fails on the merits.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment (ECF. No 26) is **DENIED**.

**SO ORDERED.**

Dated: September 14, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge